WARING v. ASPINWALL.

(Supreme Court, Appellate Division, Second Department. November 18, 1910.)

CONTRACTS (§ 350*)—ACTIONS—EVIDENCE.

In an action for breach of contract to turn over to plaintiff stock in a corporation for services rendered by him in reorganizing the corporation, *held*, that a finding for plaintiff was against the weight of the evidence.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1819, 1820; Dec. Dig. § 350.*]

Appeal from Trial Term, Orange County.

Action by Milton V. Waring, prosecuted after his death by Ida S. Waring, as executrix, against John Aspinwall. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted

See, also, 130 App. Div. 887, 114 N. Y. Supp. 1150.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

Abram I. Elkus (Carlisle J. Gleason, on the brief), for appellant. A. H. F. Seeger, for respondent.

WOODWARD, J. Upon the first trial of this action the jury found a verdict in favor of the plaintiff for $16,000, the agreed value of certain capital stock in the Fabrikoid Company of Newburgh, N. Y., alleged to have been promised by the defendant to the plaintiff's husband as a consideration for his performing certain services in connection with the reorganization and removal of a New Jersey corporation to Newburgh. This verdict was set aside by the learned trial justice on the ground that the verdict was against the weight of the evidence, and on appeal from the order entered this court unanimously affirmed the order. 130 App. Div. 887, 114 N. Y. Supp. 1150. A second trial has been had; the plaintiff in the original action having died, and his widow being substituted as plaintiff in her representative capacity. Upon this second trial the evidence of the original plaintiff upon the former trial was read to the jury.

The only material issue in the case is whether the defendant, As-

pinwall, promised to deliver 10 per cent. of the capital stock of the Fabrikoid Company, when organized, to the plaintiff, in consideration of the plaintiff securing a proper site to be purchased by the defendant in Newburgh, and a bonus of $5,000 from the people of that city, with other incidental services. The plaintiff in the original action was an employé of the New York Leather & Paint Company, of which the defendant was general manager. The defendant had loaned the said corporation money to the amount of $82,000, and the stockholders had turned over all of the assets of the corporation in payment of this obligation. The defendant was looking for a new location, and the plaintiff suggested Newburgh, his home town, and offered to do all in his power to aid in such a location. It is claimed by the plaintiff that the defendant at that time agreed that, if the plaintiff would get a $5,000 bonus and a proper site, the defendant would give him ten per cent. of the stock of the reorganized corporation. The defendant denies ever having made this agreement. It is conceded that the plaintiff made the suggestion of Newburgh, and that he actually performed the services which he claims to have performed, and the issue narrows right down to the making of the promise of compensation. The defendant testifies that the plaintiff volunteered to do the things that were done; that the plaintiff was at the time working for him, as the sole owner of the corporation, at a salary of $60 per week; and that all of the services were performed as an incident to such employment. This court held, with the learned trial justice upon the first trial, that the verdict in favor of the plaintiff was against the weight of evidence; the reasoning of the learned trial justice in disposing of the motion being practically conclusive upon this point. The evidence in this case discloses the same direct conflict in evidence between the parties.

It is claimed, however, that the testimony of certain witnesses called by the plaintiff on the second trial tended to corroborate the evidence of the original plaintiff, and this testimony is relied upon to sustain the order of the learned trial justice presiding, denying the motion to set aside the verdict. A careful examination of this testimony does not, however, appeal to us as being corroborative. It does not pretend to deal with the original verbal contract between the parties. It is merely the recollections of scraps of conversation, having nothing to do with the contract alleged, from which willing witnesses appeared willing to draw the deduction that there must have been a contract between the original plaintiff and defendant. These witnesses are, for the most part, citizens of Newburgh, and their testimony is to the effect that, during the negotiations in reference to the removal to that place, it was said in the presence of Mr. Aspinwall that Mr. Waring was interested in the business, and that if the plant was removed to Newburgh his interest would be enlarged, etc.; but all of these alleged conversations were in relation to the removal, and were the general remarks which would naturally be used in indicating to the people of Newburgh that Mr. Waring, one of their citizens, was interested to have the plant removed there, where he had property interests, where he would be at

home, and where he might reasonably be expected to benefit by the business.

Looking through the entire case, and giving all reasonable force to evidence, we are unable to see any reason which justified the setting aside of the original verdict, which is not equally applicable to the verdict in the present case. The evidence was carefully reviewed by Mr. Justice Tompkins, and he has so fully pointed out the improbabilities of the contract alleged, and the case is so unchanged in so far as it relates to the plaintiff's case, that we are persuaded that the verdict is against the weight of evidence, and that it should have been set aside. To use the language of Mr. Justice Tompkins:

"Every circumstance and all the probabilities are against the plaintiff's claim, and in my opinion great injustice would be done if the verdict should stand."

The judgment and order appealed from should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.